TISCH v. HIRSCH et al.

(Supreme Court, Appellate Division, Second Department. October 11, 1898.)

INJURIES TO EMPLOYE—NEGLIGENCE.

A bar extending across an opening into an elevator shaft was placed in a hasp at one end, and was secured by a screw at the other. The shaft was opened by raising the bar to an upright position. A 17 year old employé of the elevator owner, while lowering the loose end of the bar, and while leaning thereon, let such end fall outside the hasp, and he was precipitated into the shaft, and injured. *Held,* that the employer was not negligent in failing to have the secured end of the bar fastened close enough to the shaft to prevent the loose end of the bar from passing outside the hasp.

Appeal from trial term, Kings county.

Action by Nathan Tisch, an infant, by Marcus Tisch, his guardian ad litem, against Isaac Hirsch and another. Judgment for plaintiff, and defendants appeal. Judgment reversed (52 N. Y. Supp. 1076), and plaintiff moves for reargument. Denied.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Hugo Hirsh, for the motion.
Herbert C. Smyth, opposed.

PER CURIAM. A re-examination of the record in this case makes it clear that the court misconceived the manner in which the bar was placed, when not in position, across the opening into the elevator shaft. Instead of its hanging downward into the shaft, it was raised and held in an upward position, and was let down from above into the hasp which held the unsecured end of the bar. If this mistake was controlling in the disposition of the case, it would follow that this motion should be granted. We do not, however, so regard it. The duty devolved upon the plaintiff was to let the bar down into the hasp, and for the performance of this act no particular skill was required. As we observed in our former opinion:

"It is evident that this bar, and the contrivance for holding it in place, were quite simple, and quite easily operated. The plaintiff was a boy 17 years of age, and it does not appear but that he was in all respects competent, in strength and otherwise, to handle the bar, and place it in the hasp."

It is evident that as but little physical strength was necessary for this purpose, and as the hasp in which the end of the bar rested was open and visible, and the bar itself was easily guided, there was no excuse for bringing it down in such manner as to pass outside of the hasp; and this would be true whether the stationary end was held close to the side of the shaft by the screw which secured it, or whether it was sufficiently loose to enable the bar to pass outside of the hasp. Casual attention would enable the operator to guide the bar to its resting place. So guided, it could not be made an instrument to draw plaintiff into the shaft. If the bar had not been fastened at either end, but was secured at both by hasps into which the bar was placed, there would be no excuse for the operator to pass the bar outside of the hasps, and thereby precipitate himself into the shaft. The character of the fastening at the stationary end furnished no reason for the operator to assume that he might lean against it, or lower it in such manner that it would pass outside the hasp at one end, any more than he would be justified in passing it outside the hasps if both ends were unsecured. The sole thing to be done was to guide the end of the bar to its place in the hasp; and this could be done easily if the operator gave his attention to the accomplishment of that purpose, so long as the bar remained fast at its other end. In the character of this appliance, we can find no duty resting upon the master to so secure the stationary end of this bar that it could not pass outside the hasp when let down. On the contrary, the appliance was simple. It did not give way at its secured end, or in any other place. The plaintiff understood its use. He knew that he was to guide the loose end into the hasp, and he lowered it for that purpose. He did not perform his task properly, and therefore brought injury upon himself. We think the master failed in no duty, and that the accident was the result of negligence upon the part of the plaintiff.

The motion for a reargument should be denied.